UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO.: 4:20-cv-00627

KIM HUNTER,

    Plaintiff,

v.

THU ANH NGUYEN and ESILKROAD CORPORATION dba TEEZLAND, and SUNFROG LLC.,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff KIM HUNTER by and through her undersigned counsel, brings this Complaint against Defendants THU ANH NGUYEN, ESILKROAD CORPORATION, and SUNFROG LLC, for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.  This is a civil action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Hunter's original copyrighted works.

**PARTIES**

2.  Hunter is a contemporary Canadian artist and illustrator who has been winning awards and notoriety since her first juried art show at the age of seven. Entirely self-taught, Kim was selling her art by the age of 14. At 18 years old, she started travelling, selling her work, and freelancing throughout Canada. In 1990, at the age of 20, she returned to Vancouver, British

Columbia, where she has forged a reputation worldwide and where she makes a living from her art.

3. The passion and diligence of Hunter's remarkable talent speaks for itself. The collection of patrons and projects attributed to Hunter's art collection is incredibly immense and diverse, covering a variety of disciplines, styles, and mediums. Over the past few years, Hunter's focus has been on paintings, murals, portraits, commercial art, instruction, and conservation through art efforts. This talented artist is versed in various mediums, such as paintings (oils, watercolor, tempura, and acrylic), sculptures (clay, bronze, and polymer), and other processes (Papier Mache and Plaster of Paris), as well as web and commercial design, branding, animation, crafts, and instruction.

4. Unfortunately for Hunter, the internet has decimated her ability to earn a livelihood from her art.  Her work is inherently beautiful and easily copied online. This has led to rampant infringement by individuals and businesses who have copied, used and sold Hunter's creative works for commercial purposes, and forced Hunter and other artists to turn to the courts and copyright law to ensure they receive a fair price for their creative works.

5. In an effort to earn a living from her creativity, Hunter has chosen to do business with a select few print-on-demand websites where she sells authorized apparel.  These websites include Spreadshirt, Zazzle, Café Press, and several others. Hunter carefully polices these websites for infringement. Furthermore, Hunter has never licensed the images or works that she has created for commercial sale on apparel and has retained all rights and control of those images and works, which include the work at issue in this case.

6. THU ANH NGUYEN is an individual who resides at 7239 Rambling Tree Ln, Richmond TX 77407.

7.  ESILKROAD CORPORATION is a Texas corporation owned by Nguyen who is its registered agent, with its principal place of business at 7239 Rambling Tree Lane, Richmond, Texas, 77407.

8.  Nguyen and Esilkroad Corporation both do business as TeezLand.

9.  SUNFROG LLC is a Michigan limited liability company, with its principal place of business at 1782 O'Rourke Boulevard, Gaylord, Michigan, 49735, and can be served by serving its Registered Agent, Christopher Lawrence Carol, at the same address.

10.  TeezLand sells "print on demand" shirts and other apparel on the internet at www.TeezLand.com. According to its website, TeezLand sells "versatile, custom T-shirts and hoodies, designed for today with style that endures. Through creative and extraordinary designs on countries, states, and cities, we create shirts and hoodies with detailed craftsmanship in high quality materials. We also accept orders for custom pants, hats, and mugs." Hunter alleges that many of the designs sold by TeezLand are infringements that TeezLand uses to market and sell their infringing goods, and in the process TeezLand copies, displays, and distributes Hunter's works for profit.

11.  Sunfrog is a t-shirt printing company that provides services, including t-shirt printing, shipping, and order fulfillment, to print-on-demand websites like TeezLand.

12.  TeezLand says on its website that "Our Cooperation with Sunfrog: Sunfrog has been known as the best manufacturer in the industry. We are happy to join their Fulfillment program, as well as selling products from Sunfrog on TeezLand. We are grateful for your love and support."

13.  Hunter alleges that TeezLand and SunFrog copied Hunter's copyrighted works from the internet in order to advertise, market, promote their business activities, and sell apparel

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

for profit. TeezLand and SunFrog committed the violations alleged in connection with TeezLand's and SunFrog's business for purposes of advertising and promoting sales to the public in the course and scope of the TeezLand's and SunFrog's business.

14. Plaintiff KIM HUNTER ("HUNTER"), brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute sixty-five (65) of Hunter's original copyrighted works of authorship.

15. Contemporary Canadian Vancouver artist Hunter a.k.a. INDIGO, has been winning awards and notoriety since her first juried art show at the age of seven. Vancouver British Columbia has been the setting where Kim has forged a reputation worldwide. The collection of patrons and projects attributed to Hunter's art collection is incredibly immense and diverse, covering a huge variety of disciplines, styles and medium.

## JURISDICTION AND VENUE

16. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

17. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

18. Defendants are subject to personal jurisdiction in Texas.

19. The Court has jurisdiction over Nguyen and Esilkroad because they are Texas corporations with principal places of business in Texas.

20. This Court has personal jurisdiction over Sunfrog because Sunfrog operates and maintains an interactive website such that, upon information and belief, it conducts business in Texas and has had continuous and systematic contacts with the State of Texas and this district.

21. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a) because the events giving rise to the claims occurred in this district, Nguyen, Esilkroad,

and Sunfrog engaged in infringement in this district, Nguyen and Esilkroad reside in this district, and Nguyen, Esilkroad, and Sunfrog are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK AT ISSUE

22. In 2005, Hunter created a photo illustration entitled Canada Maple Leaf Souvenir, which is shown below (hereinafter, the "Work" or "Work at issue").



23. Hunter registered the Work with the Register of Copyrights on September 13, 2017 and was assigned the registration number VA 2-069-119. The Certificate of Registration is attached hereto as Exhibit 1.

24. Hunter's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

25. At all relevant times, Hunter was the owner of the copyrighted Work at issue.

**INFRINGEMENT BY DEFENDANTS**

26.     Nguyen, Esilkroad, and Sunfrog have never been licensed to use the Work at issue in this action for any purpose.

27.     On a date after the Work was created, but prior to the filing of this action, Nguyen, Esilkroad, and Sunfrog copied the Work. Attached hereto as Exhibit 2 are images and documents showing a t-shirt ordered from TeezLand and shipped by Sunfrog with an unauthorized copy of the Work on the shirt.

28.     Nguyen, Esilkroad, and Sunfrog copied Hunter's copyrighted Work without Hunter's permission.

29.     After Nguyen, Esilkroad, and Sunfrog copied the Work, both made further copies, displayed, and distributed the Work on the internet via shirts and other apparel and promoted the sale of goods and services as part of their print-on-demand business models.

30.     Nguyen, Esilkroad, and Sunfrog copied and distributed Hunter's copyrighted Work in connection with their businesses for purposes of advertising and promoting their businesses, and in the course and scope of advertising and selling products and services.

31.     Hunter's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

32.     Hunter never gave Nguyen, Esilkroad, and Sunfrog permission or authority to copy, distribute, or display the Work at issue.

33.     Nguyen, Esilkroad, and TeezLand are not registered with the Register of Copyright's Digital Millennium Copyright Act Agent Directory.

34.     Nguyen, Esilkroad, and Sunfrog are not entitled to safe harbor or other defense pursuant to 17 U.S.C. § 512 in this action.

**SRIPLAW**
21301 POWERLINE ROAD, SUITE 100, BOCA RATON, FLORIDA 33433

## COUNT I
## COPYRIGHT INFRINGEMENT

35. Hunter incorporates the allegations of paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Hunter owns a valid copyright in the Work at issue in this case.

37. Hunter registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Nguyen, Esilkroad, and Sunfrog copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Hunter's authorization in violation of 17 U.S.C. § 501.

39. Nguyen, Esilkroad, and Sunfrog performed the acts alleged in the course and scope of their business activities.

40. Nguyen, Esilkroad, and Sunfrog acts were willful.

41. As a result of Nguyen's, Esilkroad's, and Sunfrog's conduct, Hunter has suffered harm and loss; thus, she has been damaged.

42. The harm caused to Hunter has been irreparable.

WHEREFORE, Hunter prays for judgment against Nguyen, Esilkroad, and Sunfrog that:

a. Nguyen, Esilkroad, and Sunfrog and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Nguyen, Esilkroad, and Sunfrog be required to pay Hunter for her actual damages and profits attributable to the infringement, or, at Hunter's election, statutory damages, as provided in 17 U.S.C. § 504;

c.  Hunter be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon for the Work;

d.  Hunter be awarded pre and post-judgment interest; and

e.  Hunter be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Hunter hereby demands a jury trial on all issues so triable.

DATED: February 21, 2020                Respectfully submitted,

*/s/Joel B. Rothman*
JOEL B. ROTHMAN
Southern District of Texas Bar No.: 2310207
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Hunter*